Spalding, J.
The plaintiff in error was indicted for the murder of one Samuel Hamilton. He was tried at a special *199 term of the court of common pleas, held in said county of Putnam, on the nineteenth day of February, A. D. 1850, and found guilty by the jury, of murder in the first degree.
The prisoner, by his counsel, moved the court to set aside the verdict, and to grant a new trial, for reasons set forth in said motion.
The court overruled the motion, and proceeded to pass sentence of death upon the prisioner.
In the progress of the trial, exceptions were noted to very many of the acts and rulings of the court, all of which are presented in a bill of exceptions, sealed by the judges. Among them may be found an exception taken to the ruling of the court, in refusing to set aside the verdict, and to grant a new trial.
Amidst the multiplicity of errors assigned by counsel, we deem it necessary to notice only the seventeenth,:
“ That the court erred in overruling the motion and showing, for a new trial.”
The motion for a new trial is set forth fully in the bill of exceptions, together with the evidence introduced in support of it.
The second reason assigned for the motion is “ that Isaac Gaffy, one of the jurors, had, at various times before the trial of said cause, expressed the opinion that said Busick ought to be hung, of which defendant had no knowledge until after the ver,diet; the said Isaac Gaffy, being one of the twelve jurors who tried the said cause, and returned the said verdict, was inquired- of, on the stand, by the defendant, when being examined touching his qualifications as a juror in said cause, if he had ever, at any time, expressed an opinion of the guilt or innocence of George Busick, the prisoner at the bar, and answered that he had not. He was then asked by the defendant if he had not formed or entertained an opinion on the subject of the guilt or innocence of George Busick, the prisoner at the bar, and he answered *200 that he had not; whereupon the court ordered the said Isaac Gaffy into the jury box.” And it further appears from the bill of exceptions, that on the hearing of said motion for a new trial, the defendant called to the stand one Evan Evans as a witness, who being duly sworn, testified as follows: “ Some time in the last of last fall, or the beginning of the winter, on one cold Sunday morning, Mr. Isaac Gaffy came to my house, and, in the course of our conversation, he said, ‘ if George Busick is not hung, then there is no use of laws.’ On cross-examination he said that the above was about what Isaac Gaffy said ; that he could not give the particular language.”
Oliver Talbot, Esq., was also called to the stand as a witness, and being duly sworn, testified as follows: “ Some time last summef or fall, about two months after the summer term of this court, witness was telling the said Isaac Gaffy the evidence in the ease of the State of Ohio v. George Busick” — (witness had been one of the grand jury that found the bill in the case).’ “ The said Isaac Gaffy then said, ‘ if that testimony does not hang George Busick, then there is no use of laws. A man may take his knife and go and kill and destroy his neighbors with impunity.’ ” Whereupon the court decided that said evidence was not sufficient to show that the said Isaac. Gaffy had, before being impanneled to try said cause, expressed an opinion as to the guilt or innocence of the said George Busick, so as to render 'him incompetent as a juror, and overruled the motion for a new trial, etc.
We have no, hesitation in saying that herein the court of common pleas erred. The man, Isaac Gaffy, had formed an opinion that the prisoner was guilty, from hearing a statement made of the testimony by one of the grand jury. He had not only formed this opinion, but had openly declared, in the presence of witnesses, at different times, that if that testimony did not hang the prisoner, there was no use of laws. He was totally disqualified to act as a juror, by reason of his preconceived and publicly expressed opin *201 ions. But when I take into the account the fact of his denial that he had thus formed and expressed an opinion, when interrogated by prisoner’s counsel, and that he in this way wormed himself into the jury box to pass upon the evidence which he had once said would hang the prisoner if there was efficacy in the law, I am almost constrained to say that he was incompetent for the want of a sound moral sense.
In the main, this question is very like the one settled by the supreme court of the State of Illinois, in 3 Scam. 412, “ where a juror, at different times before the trial of a prisoner for murder, said he believed the prisoner would be hung, that he ought to be hung, that nothing could save him, that salt could not save him, and that there was no law to clear him; but after-wards, when sworn on the trial touching his competency as a juror, he stated that he had formed no opinion, and no objection being made, he was sworn on the jury, and the prisoner convicted ; a new trial was granted on the ground of incompetency of the juror.” The books are full of similar cases, and the decision now made will be only cumulative in its character.
The court of common pleas should have set aside the verdict, and directed a new trial-upon the showing of the prisoner'that the juror had formed and expressed an opinion touching his guilt, which he afterwards attempted to conceal; and because this was not done, the judgment of that court will be reversed.